SO ORDERED: May 24, 2011.



_____
**Frank J. Otte**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ARNOLD REED JINES, | ) | Case No. 08-01025-FJO-7A |
| | ) | |
| Debtor | ) | |
| _____) | ) | |
| THOMAS A. KRUDY | ) | |
| Chapter 7 Trustee | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | Adversary No. 08-50280 |
| | ) | |
| CASTLETON POINT, LP, | ) | |
| | ) | |
| Defendant | ) | |
| _____ ) | | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

This cause comes before the Court upon the filing of the Motion For Summary

Judgment by Thomas A. Krudy, Chapter 7 Trustee of Arnold Reed Jines (the "Trustee")

and the Defendant's Castleton Point, LP's Response In Opposition To Plaintiff's Motion For Summary Judgment Filed By Thomas A. Krudy, Chapter 7 Trustee"

[CM/ECF Docket Number 27] (the "Response") filed by Castleton Point, LP ("Castleton Point"). The Court, having considered the Motion and the Response, and having heard arguments of counsel made at the hearing on Motion held on February 7, 2011 (the "Hearing"), after due deliberation thereon, and good and sufficient cause appearing therefore, the Court hereby makes the following findings of fact, conclusions of law, and enters this Order denying the Motion and instead granting summary judgment in favor of Castleton Point. The Court finds and concludes and follows:

## I. FINDINGS OF FACT

1. On or about January 25, 2009, Castleton Point and Scrapbook Xanadu, Inc. ("SXI") entered into a Lease (the "Lease") pursuant to which SXI leased from Castleton Point a storeroom, located at 5459-5463 East 82$_{nd}$ Street, Indianapolis, Marion County, Indiana, 46250, consisting of approximately 6,760 rentable square feet of space for a term of five (5) years to commence on July 1, 2004 and terminate on June 30, 2009

2. On or about January 25, 2009, Arnold Reed Jines (the "Debtor") and Mary Jines executed and delivered a Guaranty Of Lease ("the Guaranty") pursuant they guaranteed the full performance by SXI of all the terms, conditions, covenants and agreements to be performed by SXI, including, but not limited to, the payment of the rent and any other sums which are to be paid pursuant to the Lease.

3. Prior to the Petition Date, SXI defaulted under the Lease, having failed to pay rent and other charges, in violation of Section 15.01 of the Lease and having failed to keep the

Premises open to the public for business and in continuous use in violation of Section 4.02 of the Lease.

      4. Subsequent to SXI's default under the Lease, Castleton Point pursued its remedies afforded to it under the Lease and obtained summary judgment in its favor against the Debtor in the amount of Four Hundred Twenty-Seven Thousand Five Hundred Ninety-One and 77/100 Dollars ($427,591.77) in the case styled *Castleton Point, LP v. Scrapbook Xanadu, Inc., Arnold Jines and Mary Jines* in the Marion [County, Indiana] Superior Court under Cause Number 49D02-0606-CC-023634 (the "Judgment").

      5. Also prior to the Petition Date, the Debtor commenced a lawsuit against John H. Anderson ("Anderson") styled *Arnold R. Jines v. John H. Anderson* in the Marion [County, Indiana] Superior Court under Cause Number 49D06-0704-CC-016231 (the "Anderson Litigation").

      6. On August 23, 2007, 166 days prior to the Petition Date and as part of its effort to collect the Judgment against the Debtor, Castleton Point served Anderson with a "Notice Of Garnishment Proceedings, Summons And Order To Answer Interrogatories" (the "Notice Of Garnishment") whereby the Honorable Kenneth Johnson granted Castleton Point an equitable lien on any proceeds paid by Anderson to the Debtor as a result of the Anderson Litigation. The Notice Of Garnishment provides in relevant part that, "the judgment plaintiff, Castleton Point, LP, has an equitable lien against the garnishee-defendant upon the payment of any amounts due to the judgment defendant, Arnold Jines."

      7. On November 11, 2007, 87 days prior to the Petition Date, the Marion County, Indiana Superior Court entered the "Final Order In Asset Garnishment – Settlement Proceeds" (the "Final Order In Garnishment"). The Final Order In Garnishment provides in relevant part

that, "if and when the [Anderson Litigation] is settled or Anderson has a judgment entered against it in the [Anderson Litigation], Anderson shall pay [Castleton Point] the [Anderson Litigation] proceeds up to $100,000.00. Such payment(s) shall be made payable to Castleton Point, LP. . . . It is further ordered that this Order is a continuing lien upon the [Anderson Litigation] proceeds in the amount of $100,000.00, which shall remain until the judgment and all costs in [the State Court Action] are satisfied in full and that this Order may be enforced by attachment or otherwise according to law.

       8. On February 5, 2008, the Debtor filed a petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Indiana.

       9. On May 15, 2008, the Trustee filed his Complaint initiating this adversary proceeding.

       10. On October 29, 2010, the Trustee filed the Motion. In the Motion, the Trustee argues that the Final Order In Garnishment constitutes the "transfer" for the purposes of avoidance under § 547(b) of the Bankruptcy Code and therefore Castleton Point's lien is avoidable as the Final Order In Garnishment was entered 87 days prior to the Petition Date (i.e., within the 90 day preference period).

       11. On November 19, 2010, Castleton Point filed the Response. In the Response, Castleton Point argues that the actual "transfer" for the purposes of avoidance under § 547(b) of the Bankruptcy Code, occurred not upon the entry of the Final Order In Garnishment but rather upon the service of the Notice Of Garnishment, which occurred 166 days prior to the Petition Date – well beyond the 90 day preference period.

       12. On February 7, 2011 the Court held a hearing on the Motion and heard

arguments from counsel for Castleton Point and the Trustee.

## II. CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the Court enters the following Conclusions of Law. Any Finding of Fact which also constitutes a Conclusion of Law is deemed to be incorporated into these Conclusions of Law.

13. A moving party is entitled to summary judgment where there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Balous v. Roadway Express, Inc.*, 139 F.3d 1147, 1150 (7th Cir. 1998) (citations omitted). A motion for summary judgment is an inquiry as to whether the evidence presents a sufficient disagreement to require submission of the case to the jury, or whether the facts are so one-sided that one party must prevail as a matter of law. *Bollenbacher v. Helena Chem. Co.*, 926 F. Supp. 781, 785 (N.D. Ind. 1996) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

14. In this case, the Trustee bears the burden of establishing all necessary elements to avoid Castleton Point's Lien under § 547 of the Bankruptcy Code by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *Boberschmidt v. Society Nat'l Bank (In re Jones)*, 226 F.3d 917, 921 (7th Cir. 2000) (*citations omitted*). As set forth more fully below, the Trustee has failed to meet his burden and is therefore not entitled to summary judgment.

15. Section 547(b) of the Bankruptcy Code permits a bankruptcy trustee to avoid:

(1) any transfer of an interest of the debtor in property;

(2) made to or for the benefit of a creditor;

(3) for or on account of an antecedent debt owed by the debtor before the transfer was made;

(4) while the debtor was insolvent, on or within 90 days of the date of the

filing of the bankruptcy petition; or up to one (1) year in the case of insiders.

(5) that enables such creditor to receive more than it would have received in a

bankruptcy liquidation in the absence of the transfer.

11 U.S.C. § 547(b).

16. The Bankruptcy Code defines "transfer" broadly, as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary of disposing of or parting with property or with an interest in property." 11 U.S.C. § 101(54)(b). Pertinent to the matters presently before the Court, § 101(54)(a) of the Bankruptcy Code explicitly provides that, "the term 'transfer' means – the creation of a lien." (internal quotation marks added); *see also In re Motion Marketing Solutions, Inc.,* 403 B.R. 403, 408 (Bankr. N.D. Tex. 2009) (the creation of a lien is a transfer for the purposes of avoidance under § 547(b) of the Bankruptcy Code).

17. Although the Bankruptcy Code defines transfer and determines whether a transfer has occurred, state law controls the definition of "property "and "interest in property." *See Barnhill v. Johnson*, 503 U.S. 393, 397-98 (1992); *see also Butner v. United States*, 440 U.S. 48, 54 (1979) (state law determines the property rights in the assets of a bankrupt's estate). Accordingly, Indiana law determines whether and when Castleton Point's lien was created, and as such, whether and when the alleged preference transfer occurred.

18. Under Indiana law, it is well established that Castleton Point acquired a lien on the Anderson Litigation Proceeds at the time Anderson received service of the Notice Of Garnishment.

19. Pursuant to Indiana Code § 34-25-3-3, upon service of a notice of garnishment the garnishee is accountable to the judgment creditor for the amount of money due and owing from the garnishee to the judgment debtor. Thus, upon service of the notice of garnishment, the

judgment debtor's right to receive the garnished property is effectively transferred to the judgment creditor.

20. Additionally, under Indiana case law, it is well established that Castleton Point acquired a lien on the Anderson Litigation Proceeds at the time Anderson received service of the Notice Of Garnishment. *See Fifth Third Bank v. Peoples Nat. Bank*, 929 N.E.2d 210, 214 (Ind. App. 2010) (judgment creditor obtains equitable lien upon on funds owed by third party to judgment debtor from the time the third party receives service of process in proceedings supplemental).

21. Accordingly, under both Indiana law and federal bankruptcy law, the relevant "transfer" for the purposes of avoidance under § 547 of the Bankruptcy Code occurred upon service of the Notice Of Garnishment (i.e., the creation of Castleton Point's Lien) and not the entry of the Final Order In Garnishment.

22. Furthermore, the Notice of Garnishment, in and of itself, and by its own terms granted a lien in favor of Castleton Point. (*See*, Notice of Garnishment, at p. 2.) ("the judgment plaintiff, Castleton Point, LP, has an equitable lien against the garnishee-defendant upon the payment of any amounts due to the judgment defendant, Arnold Jines."). The Final Order In Garnishment, on the other hand, did not create a lien or otherwise effect a transfer. Instead, the Final Order In Garnishment simply served as a continuation and reaffirmation of the lien that was obtained by Castleton Point pursuant to service of the Notice Of Garnishment. (*See,* Final Order In Garnishment, at p. 2.) ("it is further ordered that this Order be a *continuing* lien upon the [Anderson Litigation] proceeds in the amount of $100,000.00.") (emphasis added).

23. Therefore, based on the foregoing, Castleton Point's lien was created 166 days prior to the Petition Date, and therefore is not an avoidable under § 547(b) of the Bankruptcy

Code.

24. In the Motion, the Trustee argues that the holdings of *Freedom Group, Inc. v. Lapham-Hickey Steel Corp.,* 502 F.3d 408 (7th Cir. 1995) and *In re McCarthy*, 350 B.R. 820 (Bankr. N.D. Ind. 2006) govern the outcome of this case and require the Court to rule that Castleton Point's lien is avoidable pursuant to §547(b) of the Bankruptcy Code. Upon review of the authority cited in the Motion, and having heard arguments of counsel at the hearing held on February 7, 2011, the Court concludes that *Freedom Group* and *In re McCarthy* are distinct from this present case as matter of both law and fact, and therefore do not determine the outcome of this case.

25. In *Freedom Group*, the Seventh Circuit Court of Appeals ruled that a notice of garnishment merely perfects the judgment creditor's lien on a judgment debtor's bank account, while the final order in garnishment actually constitutes the transfer for the purposes of avoidance under § 547 of the Bankruptcy Code. In reaching its opinion the *Freedom Group* Court relied heavily upon the "tentative" effect of a notice of garnishment. *Id.* at 412. The tentative nature of a notice of garnishment regarding a deposit bank account arises from underlying Indiana state law. Notably, according Indiana Codes § 28-9-3-4, the mere service of a notice of garnishment regarding a judgment debtor's bank account is only a single step in the garnishment process, and a financial institution is not required to pay funds to the judgment creditor until a final order in garnishment is served on the judgment debtor. *See* I.C. § 28-9-3-4(f) (a depository financial institution is not required to pay funds in a deposit account to a judgment creditor unless judgment creditor serves the financial institution with a final order in garnishment).

26. Here, there is no underlying state law that requires Anderson, or any other

party, to be served with a final order in garnishment in order to affect the transfer of the Anderson Litigation proceeds. Instead, the Notice Of Garnishment, in and of itself created, perfected, and preserved Castleton Point's lien in the proceeds of the Anderson Litigation. *See Fifth Third Bank v. Peoples Nat. Bank*, 929 N.E.2d at 214.

27. *McCarthy* involved garnishment on certain shares of stock held by a judgment debtor. The *McCarthy* court ruled that because a final order in garnishment had not been entered, the judgment creditor did obtain a lien on such stocks and was not a secured creditor of the judgment debtor. Like *Freedom Group, McCarthy* is distinguishable from this present case because of the Indiana state law procedures required to create a lien upon shares of stock.

28. Under Indiana law, in order to establish a lien on shares of stock, Indiana Code §34-55-3-5 requires that levy must be made upon such stock.  I.C. 34-55-3-5 ("Shares of stock"), at subsection (d), provides, "The shares of stock subject to be levied  upon are bound by the execution from the time of the levy. When the levy is made, the sheriff shall leave the notice of the levy with the officers of the company. The levy constitutes a lien upon the stock from the time of the levy." In other words, unlike the underlying state law in this case, the underlying state law in *McCarthy* did not provide that the notice of garnishment created a lien on the property of the judgment debtor and instead required an additional stop be taken. Here, there are no shares of stock at issue. Rather, the subject of garnishment is the proceeds from the Anderson Litigation and unlike the circumstances in  *McCarthy*, a levy or final order in garnishment is not a condition precedent required for the creation or perfection of Castleton Point's lien in the proceeds from the Anderson Litigation.  Instead, as Castleton Point argues and the Trustee concedes, service of the Notice Of Garnishment upon Anderson in this present case created and perfected Castleton Point's lien in the proceeds of the Anderson Litigation.

29. Additionally, because the mandatory state law procedure for the creation of a lien in shares of stock was not followed, the *McCarthy* Court ruled that the judgment creditor did not hold a lien on such shares of stock, and was consequently, not a secured creditor. In this case, the Marion County, Indiana Superior Court's Notice Of Garnishment unequivocally created a lien in favor of Castleton Point on the proceeds of the Anderson Litigation. As such, the holding of *McCarthy* is limited to circumstances involving a judgment creditor's attempts to hold a lien over a judgment debtor's shares of stocks, and is not applicable to the facts of this case.

30. Based on the foregoing, the holdings of *Freedom Group* and *McCarthy* do not control the outcome of this case.

31. It is well established that a notice of garnishment creates a lien in favor of a judgment-creditor. *See, e.g., Fifth Third Bank v. Peoples Nat. Bank*, 929 N.E.2d at 214. Here, the Notice Of Garnishment was duly entered and served by the Marion County Superior Court and effectively granted Castleton Point a lien. Nevertheless, the Trustee asks this Court to enter a ruling which would render the Notice Of Garnishment superfluous and without effect. The Court simply cannot oblige the Trustee's request.

32. Based on the foregoing, and pursuant to both Indiana law and federal bankruptcy law, the transfer for the purposes of avoidance under § 547(b) of the Bankruptcy Code occurred upon service of the Notice Of Garnishment 166 days prior to Petition Date upon service of the (i.e., the creation of Castleton Point's Lien) and not the entry of the Final Order In Garnishment.

33. Accordingly, Castleton Point's lien was created 166 days prior to the Petition Date, and therefore is not an avoidable under § 547(b) of the Bankruptcy Code.

## CONCLUSION

Based upon the foregoing, this Court concludes that the Motion of the Trustee should be denied and the relief requested in the Complaint shall be denied with prejudice. It is further concluded that the summary judgment should be granted in favor of Castleton Point. This Court will enter a separate judgment accordingly.